JOSEFINA FLORES DE ORDÓÑEZ, demandante y apelada, *v.* MARÍA MATOS MARCANO, demandada y apelante.

Núm. 7647.—*Sometido:* Febrero 17, 1939. *Resuelto:* Abril 21, 1939.

*E. Díaz Santana y Ramón García Mújica,* abogados de la apelante; *Luis Apellániz Storer,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El presente caso tiene por objeto la reivindicación de una casa radicada en solar propiedad del Municipio de Loíza y el cobro de las rentas ascendentes a $312.50. La

---

* NOTA: Véase el prefacio.

demandante alega que la casa fué adquirida para ella por su padre, cuando ella era soltera, mediante escritura pública que no ha sido inscrita en el Registro de la Propiedad. En oposición sostiene la demandada que la casa que adquirió el padre de la demandante, aun cuando aparece haber sido adquirida para ella, lo cierto es que fué adquirida para él con el único fin de ampliar otra casa contigua, también de su propiedad; que la demandante nunca ha tenido el dominio ni la posesión de dicha casa; que el padre de la demandante destruyó ambas casas y en su lugar edificó otra nueva de dos plantas la cual hipotecó a la demandada por la suma de mil dólares; que vencida la hipoteca, la aquí demandada incoó procedimiento ejecutivo, obtuvo sentencia a su favor y adquirió la finca por adjudicación judicial, habiendo estado en el dominio y posesión de la finca desde mayo de 1934 en que el márshal le otorgó escritura y la puso en posesión.

Visto el caso, la Corte de Distrito de San Juan dictó sentencia a favor de la demandante en cuanto a la reivindicación solamente, imponiendo a la demandada el pago de costas, sin incluir honorarios de abogado. No conforme la demandada interpuso el presente recurso, en el que señala como errores imputables a la corte sentenciadora los siguientes:

"1. La corte erró al resolver que la demandante apelada tenía capacidad legal para comparecer en este caso sin estar asistida de su esposo.

"2. La corte erró al resolver que la prueba es suficiente para sostener las alegaciones de la demanda."

▮ De la prueba practicada resulta que cuando Andrés Flores López compró una casa terrera en solar del Municipio de Loíza para su hija, la demandante, ésta tenía doce años de edad y era como es natural soltera. Dicha casa así adquirida por la demandante no tiene el carácter de ganancial y por tanto su dueña puede demandar para reivindicarla sin necesidad de estar asistida de su marido. Artículo 54,

Código de Enjuiciamiento Civil. Debe desestimarse el primer error.

■ La prueba documental demuestra que en mayo 20, 1921, Andrés Flores López adquirió para su hija menor una casa terrera que medía 4.23 metros de frente por 3.32 metros de fondo; y que en el año 1926 ó 1927 el mismo Flores López adquirió para sí otra casa contigua a la primera, de dos plantas y dimensiones 9 × 10.5 metros. En 20 de abril de 1931 Flores López y su esposa hipotecaron a María Matos Marcano, la demandada y apelante, "una casa de madera de dos plantas, techada de zinc, la planta alta con balcones en sus dos frentes, de 14 metros de frente por 12 de fondo," en garantía de un préstamo de $1,000. Ejecutada la hipoteca por María Matos Marcano, la finca le fué adjudicada, tomando posesión de ella a virtud de escritura otorgada a su favor por el márshal.

De la declaración de Andrés Flores López resulta que a la casa comprada por él para su hija se le construyó un segundo piso, para levantarla hasta el mismo nivel del segundo piso de la casa contigua, propiedad de Flores López.

La corte inferior, después de examinar la prueba, llega a las siguientes conclusiones:

"Declaramos, por el resultado de la evidencia, considerada en conjunto, que se trata de dos casas distintas, si bien están unidas en su parte alta. Damos crédito a la demandada en cuanto manifiesta que ella hipotecó todo el inmueble, que sólo tiene una escalera para ir a los altos, y que no hubiera hecho el negocio con Andrés Flores López de haberle dicho éste que se trataba de dos casas; que no sabía las dimensiones; y que ambos fueron donde el notario R. García Mújica, haciéndose la escritura por lo que aquél dijo, o sea con 14 metros de frente por 12 de fondo. Andrés Flores López carecía de poder para gravar la propiedad de su hija, siendo ella entonces menor de edad. La demandante ha probado el derecho de dominio, la identidad de la cosa, y la tenencia o posesión por la demandada. El título de aquélla es superior al de ésta. *Elzaburo* v. *Chaves*, 19 D.P.R. 172.

"La demandada no ha procedido con temeridad al defenderse de la acción, consideradas las circunstancias del caso, y vista la Ley núm. 69 de 11 de mayo de 1936 ( (1) pág. 355.)

"En cuanto a los daños y perjuicios reclamados, por rentas producidas o debidas producir desde el 13 de mayo de 1934, que se alegan montan a $312.50, no hubo evidencia de los mismos, o sea que real y efectivamente la casa de la demandante, independientemente de la otra, produjera o debiera producir una renta mensual líquida de $25.00, después de deducir los gastos de reparación y contribuciones. La demandada declaró que hizo reparaciones a la casa por valor alrededor de $300.00 á $400.00.

"POR LAS RAZONES EXPUESTAS, se declara con lugar la demanda en cuanto a la reivindicación solicitada y sin lugar sobre los daños y perjuicios, y en su consecuencia, se decreta que la casa que se describe en la demanda es propidad de la demandante Josefina Flores de Ordóñez y que debe serle entregada por la demandada María Matos Marcano, una vez firme la sentencia, y además se condena a dicha demandada a pagar a la demandante las costas y desembolsos de la acción, sin incluir honorarios de abogado."

El récord ante nos sostiene ampliamente las conclusiones de la corte inferior. Es evidente que Andrés Flores Colón, sin estar facultado para ello, hipotecó a la demandada no solamente la casa de su propiedad si que también la de su hija la demandante. Y no habiendo ésta consentido el otorgamiento de tal hipoteca es indudable. que como dueña de la casa adquirida para ella por su padre tiene derecho a reclamar su posesión. A nuestro juicio no erró la corte inferior al dictar la sentencia recurrida, la cual *debe ser confirmada.*

El Juez Asociado Sr. De Jesús no intervino.